**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:15-cv-84-FDW**

| | | |
|---|---|---|
| **DENNIS VAN DYKE,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| | ) | |
| **KENT W. BROWN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under

42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915A and 1915(e).

**I.     BACKGROUND**

Pro se Plaintiff Dennis Van Dyke is a North Carolina prisoner incarcerated at

Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina.   North Carolina

Department of Public Safety records indicate that Plaintiff was convicted of assault with a firearm

on a law enforcement officer on November 7, 2013, in Rutherford County, North Carolina.

Plaintiff is a frequent and abusive filer of pro se lawsuits in this Court.  Plaintiff filed this action

on April 27, 2015, naming as the sole Defendant Kent W. Brown, identified as Plaintiff's former

attorney.  (Doc. No. 1).  Plaintiff alleges in the Complaint that Brown rendered ineffective

assistance to Plaintiff in his underlying criminal action, resulting in Plaintiff being wrongly

imprisoned and being subjected to double jeopardy.  (Id. at 4).

**II.     DISCUSSION**

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff is a frequent filer of civil rights actions. At least three of Plaintiff's previously filed civil rights actions have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See VanDyke v. Butner Reg'l Forensic Adm'r, 1:12cv149-RJC, Order, Doc. No. 4 at 2 (W.D.N.C. filed July 18, 2012) (citing cases). Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury. Plaintiff fails to demonstrate in his Complaint in this action that he is under imminent danger of serious physical injury as required by § 1915(g). Therefore, this action will be dismissed without prejudice because Plaintiff has not paid the full filing fee.

### III. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice to Plaintiff to refile after paying the full filing fee.[1]

---

[1] Even if Plaintiff pays the filing fee and re-files this action, however, this action will nevertheless be subject to dismissal because Plaintiff's former counsel Brown is not subject to suit under Section 1983. See Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-

**IT IS, THEREFORE, ORDERED** that:

1.      For the reasons stated herein, the Court finds that Plaintiff has failed to show that he is under imminent risk of serious physical injury and he must therefore pay the full filing fee before he may present this § 1983 complaint in federal court.   This action will, therefore, be dismissed without prejudice.

2.      The Clerk is directed to note on the docket that, pursuant to 28 U.S.C. § 1915(g), Plaintiff must pay the full filing fee in any civil rights lawsuits filed in any federal district court <u>unless he can show that he is under imminent danger of serious physical injury as required by § 1915(g)</u>.

3.      Plaintiff's Application to Proceed In Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review.

4.      The Clerk is respectfully instructed to terminate this action.

Frank D. Whitney
Chief United States District Judge

---

appointed attorneys not subject to suit under Section 1983).